Case number 241775, Jaleelah Ahmed v. Hamtramck Public Schools et al. Argument not to exceed 15 minutes per side. Mr. Delaporte, you may proceed. My name is Eric Delaporte. I represent Ms. Jaleelah Ahmed in Ahmed v. Hamtramck. On December 29, 2001, Ms. Ahmed was placed on a leave of absence prior to returning from a FMLA leave. Today, four years, four months later, with the exception of a short period where she was reinstated, she remains on leave. I thought she was reinstated. She was reinstated then placed back on leave. She remains on leave today. She has been on leave this period at least two years and a few months. And this is administrative leave as opposed to FMLA leave? Correct, Your Honor. She still gets a salary? She still gets a salary. However, she has been denied bonuses that are related to her ability to have an effective evaluation. Just prior to placing her on leave, the district downgraded her evaluation to a minimally effective. And they have rolled that over as she has not been there to be able to show any alleged improvement or any alleged needed improvement or to fight the evaluation itself. So she has now had three negative evaluations with no opportunity to address it or to show improvement. She is on leave allegedly for an investigation. She has never been given any notice of the subject matter of that investigation. She has not been investigated. She has not been spoken to. No one to her knowledge has been spoken to and there has been no investigation to our knowledge. What relief do you seek here? Do you want her to be reinstated or are you seeking damages or something else? Well, at this point, Your Honor, we are to the point where her career has been badly damaged. She has been denied the opportunity to go to various conferences where these superintendents are able to maintain their knowledge base and network and have the ability should she be let go in a very short period here. I don't guess I made my question clear enough. Is she wanting to be reinstated or does she want damages and go on her way? At this point, we believe that damages are the only possible remedy. It has been too long at this stage. One of the challenges in this case has been that the facts continue to evolve as the litigation happens, which is not completely unique to this case by any means. We see this somewhat. I'm curious, and you come up here today and give us yet more facts that aren't in the complaint. I'm curious, in line with Judge Seidler's question, what relief are you interested in vis-a-vis an operative complaint? We have your appeal of the denial to accept the Fourth Amendment amended complaint, but if we agreed with you that that amended complaint wasn't futile, do you actually now just want an opportunity to file a full new complaint? There's been a lot of water under the bridge even since then, it seems. What makes the most sense here in terms of an operative pleading? Yes, Your Honor. I do believe that the best answer here is to allow for an amended complaint and then, in light of the Supreme Court case, the 2024 Supreme Court case, and some of the other cases that have been cited both in the amicus brief and here, that this be sent back down to more fully develop a factual record. What is the Supreme Court case that you're primarily relying upon here? Muldrow, Your Honor. Muldrow v. City of St. Louis, 601 U.S. 346, 2024. That case holds that in Title VII discrimination cases that the standards that were being used were too high that, in fact, a change of duties, a situation where a police officer was denied the opportunity to work with higher officials and didn't lose pay, wasn't suspended or anything like that, but that police officer had the loss of the use of a vehicle. The police officer was taken off of a much more prestigious posting and, in that case, that was sufficient to be an adverse employment action. Didn't the district court, though, consider Muldrow? Did it come out and you just didn't have an opportunity to brief it? Why do you say that this is now post-Muldrow when it seemed to have been discussed by the district court? I mean, you may have thought the district court got it wrong. I understand that, but that doesn't make it now post the case. First, Your Honor, I have replaced the attorney. He has brain cancer, unfortunately, and I have replaced him. I did not brief or argue anything in the lower court. That being said, while the court made mention of the Muldrow case, the court relied almost entirely on pre-Muldrow decisions. And so I believe that the Sixth Circuit would benefit from having this case considered in light of Muldrow and Muldrow alone, not the pre-Muldrow cases. But most importantly, I think the Sixth Circuit would benefit from, and obviously that's up to your learned decisions, but I believe that you would benefit from a more complete fact pattern, as well as an amended pleading that would not only catch us up, but also be allowed to argue, for example, the FMLA case. So in front of us is the district court's decision to deny leave to file the fourth amended complaint. And one of the pieces of relief that you were asking in your briefing was for us to overturn that decision on the grounds that the district court's ruling on futility was incorrect. So if we were to agree with that point of yours, the simplest answer would seem to be for us to vacate and remand, or reverse and remand, on the denial of leave to file the fourth amended complaint. And then things would go to the district court to proceed as the parties and the district court see fit. Am I correct in summarizing that? Yes, Your Honor. With one slight tweak, given that we've had quite a few things happen in the meantime, we would ask for the opportunity to file a complaint that's more robust than just the fourth amended complaint. Thank you. And I see your red light is on, unless there are any further questions. I'm not sure you did save some time for rebuttal, I guess, correct? Yes, Your Honor. Okay, thank you. Good morning, Your Honors. Ann Marie Vercruzzi Welch on behalf of the school district and the school district defendants here in this matter. I want to clarify a few things that were said. First of all, with respect to the motion to dismiss, I'm sure Your Honors are aware that limited to the facts that were set forth in the complaint. With respect to the motion to amend, the appeal on the motion to amend, you're limited to the facts that were raised in that actual proposed complaint. Now, during a status conference, Pellant's counsel did raise the ability to supplement the record, and that was denied. And Pellant did not appeal that ruling. So that issue, whether or not new facts can come in, isn't before the court other than the motion to amend the fourth amended complaint. So, before us, as I understand it, and correct me if I'm wrong, one of the major questions is whether the district court erred in saying that it was futile to amend in the fourth amended complaint. And if, we should get into the merits of that, but if we were to agree with that, wouldn't we just reverse and remand on the motion to file a fourth amended complaint and say the district court was wrong and send the case back to the district court? Yes, Your Honor. So let's get into why you think the district court was correct in saying it was futile to attempt to file the fourth amended complaint. Absolutely. There are two issues up on appeal with respect to the fourth amended complaint that are raised in the briefing. The first issue is with respect to the FMLA restoration allegation. That's count one. And the second issue is with respect to the Title IX. Everything else has been abandoned at this point on appeal. We just heard appellant's counsel say that the only issue here is with respect to damages, but with respect to the FMLA, the only damages that you can get are economic damages. And there is no argument that she has been paid her full pay and benefits. That's undisputed. What do we make of the fact that in its order in denying the motion to amend the district court like applied kind of our summary judgment standard required a prima facie case and things like that? Do you think that the district court applied the right standard? Do you think do you think kind of under our general plausibility standard that it would still survive? What would what would we do here if we think the district court applied the wrong standard? So I don't think the district applied the wrong standard. The district court first set out in its standard of review the fact that the complaint needs to be plausible on its face. It then went through what are the elements of an FMLA retaliation case, but specifically rejected the fact that you needed to do the burden shifting analysis at this stage at the motion to dismiss stage. Did the district court rely on the making or not of a prima facie case? And if the district court relied on his conclusion that there wasn't a prima facie case, is that not importing a standard for summary judgment into the question of plausibility of a complaint? Your Honor, the district court mentioned the prima facie case as to the fact that these are the elements right of a FMLA retaliation case, but ultimately said that to find a causal connection. And this is where the heart of the issue lies on the FMLA retaliation case. There has to be evidence or an allegation permitting an inference that the adverse action would not have been taken if she hadn't have gone out on FMLA leave. And then the court analyzed the causation inference using that framework, whether or not it's plausible. And we know from Iqbal that conclusory allegations don't need to be accepted as true, nor do allegations that are contradicted by the record. And then the court went through the analysis and said, with respect to the causation, the motivation, you have to be motivated by discriminatory intent in order, or retaliatory intent here. Why isn't the temporal proximity enough here to get beyond the pleading stage? If temporal proximity was all that is alleged, perhaps. But the fact of the matter is that wasn't all that was alleged. And this is what the judge pointed out. With respect to her allegations on the FMLA restoration in the proposed Fourth Amendment complaint, she says the actions were done in furtherance of a conspiracy. And the conspiracy, according to her allegations, began well before she even took FMLA. And the conspiracy was the fact that the union didn't want her to transfer, involuntarily transfer teachers and put pressure on the district. And the district, she puts this right in her allegations, the district defendants, in order to have the political and financial support of the union was listening to what the union was saying. And this began, according to the allegations, well before she took her FMLA leave. So how can, if this is in furtherance of a conspiracy, that is because the union doesn't want her to be transferring teachers, how is that FMLA retaliation? The court goes on to say... Could there be dual causes? Part FMLA retaliation and part this pre-existing alleged conspiracy? I don't believe so in the Sixth Circuit. Is there a case that you want to mention there? I don't have it before me, but it is in our briefing. The Sixth Circuit standard is akin to a but-for standard with respect to FMLA retaliation cases. It does differ in different circuits, but not within the Sixth Circuit here. The other issue here is the court speaks to, well, let's look at something else with respect to whether or not there could be an inference of discrimination with respect to FMLA. And the court says, well, you've alleged that there is a similarly situated comparator, but actually that comparator is not similarly situated as alleged. The comparator used with respect to the comparator that the judge spoke to was Mr. Nietzsche, who was the former superintendent. And she says, with respect to Nietzsche, well, he didn't transfer teachers and there was no repercussions. He did transfer teachers. And there was no repercussions. But she doesn't just say, with respect to her, that she transferred teachers and then she was discriminated against. What she says is, or alleges, she says that I transferred teachers in violation of the board's directive for me not to transfer teachers. So when you look at this, let me give you an analogy here as to why they are not similar comparators. I find your arguments compelling, but they all sound like summary judgment arguments to me. And something that you kind of decide once the record is fleshed out when we really know. And somebody can have discovery on under what circumstances did the comparator transfer teachers versus what were the circumstances here. You really only have to get to plausibility here. And I appreciate you trying to read a gloss onto the district court's opinion. But the conclusion here says, you know, the court finds that the plaintiff has failed to establish a prima facie case of discrimination or retaliation under the FMLA. It seems to be very clearly holding the plaintiff at this stage to a prima facie standard that we use on summary judgment. But I think at bottom, the court is saying, and it's woven through the court's analysis, is you have to plausibly allege an FMLA retaliation case. And if you haven't plausibly alleged causation, then you haven't made your FMLA retaliation case. Is your position then that in order to plausibly allege, you have to plausibly make your prima facie case? I think in order to plausibly allege, you need to be able to, aside from making a conclusory allegation, that there is an inference that the motivation was there. Your description of comparators and things like that were beyond conclusory here. So the question is kind of a level of scrutiny that we that we give it at this stage. Well, I think the answer goes back to, though, if you look at the allegations themselves, they're conclusory allegations that are contradicted by the other allegations she makes in her own complaint. Those don't need to be accepted as true. And therefore, she hasn't plausibly alleged FMLA retaliation because she hasn't alleged other than a conclusion, which is contradicted by her own record, motivation. And that is required in order to allege an FMLA retaliation case. With respect to the Title nine issue, she does. There's no argument in her brief that that she and Nietzsche are similarly situated with respect to Title nine. And the court is then turns to nausea because that's the only evidence we have. That's the only evidence that's alleged in the complaint whatsoever. But she says this. And then right away, the very next paragraph in paragraph eighty four, she says that she was restored to her position in February of twenty twenty two. Therefore, she has displaced Nagy as superintendent or interim superintendent and then in her and is restored to her position. Not only was she restored to her position, she was restored with a huge increase in her contract. She was she received a fifty thousand dollar raise. She received more deferred benefits. It's a longer extended contract. The terms are extremely favorable. Your opponent told us that she is on continued administrative leave. And I understand that that's not in the record. But is that in fact true? No. What is acting? She is holding the position of superintendent and doing the duties of superintendent like a regular superintendent does. What what I can tell you is that she took another FMLA leave in January in or about January of twenty twenty four. She when she came back from the FMLA leave or wanted to come back from the FMLA leave, she had restrictions that would not enable her to perform the essential functions of her position. She wanted to work remotely as a superintendent. And she also wanted all communications with the board members to be in writing. We asked for medical documentation to support that. The both Miss Ahmed and her health care provider didn't provide adequate documentation nor agreed to continue to participate in the interactive process. And as a result, the she remained on administrative leave. Or she remained on leave as an accommodation. I think is a better way to say it. Now, the district could have, pursuant to her contract, terminated her for just cause because the contract allows today she is on leave, unpaid leave. Today she is on paid leave. That is correct. She hasn't indicated that she wants to return to work and she didn't today. She said she just wants money. And I realize that this is not in the record, but you're saying that she is on paid leave. She is on paid leave with full pay and benefits. Okay. Do any of the judges have questions? Because her red light is on. So if you'd like to have a sentence of conclusion, feel free because we've taken you beyond the red light. Certainly. Well, I didn't get to the motion to dismiss. I think the most important thing to point out on the motion to dismiss is the fact that appellant has still not told this court why the cases pre-Muldrow don't apply. This court has applied Barnett with respect to adverse actions since Muldrow. The Supreme Court did not agree to take up the Davis case from the 11th Circuit, which was a paid leave case, very similar to our case. When it took up the Muldrow case and this court in Blick following Muldrow pointed to the Davis case. The cases prior to Muldrow within the Sixth Circuit don't use the material adverse action standard throughout. For example, the Pelletier case doesn't mention material adverse action. And Judge Drain, in his ruling, didn't make a categorical rule that paid leave pending investigation could never be an adverse action. Instead, he says it by itself could never be. And we'll let you rely on your brief as we always rely on their briefs. Thank you. Thank you. Your Honors, the best evidence for the fact that the wrong standard was used in denying the amendment was that the McDonnell-Douglas framework was used. And this court, Honorable Court, in Keyes v. Humana, Inc. 684, Federal 3rd 605, Sixth Circuit case 2012, as well as the U.S. Supreme Court in, and I apologize, I'll try to pronounce it as best I can, Swierkiewicz v. Ceramo, N.A. 534 U.S. 506, indicated that the McDonnell-Douglas standard is an evidentiary standard, not a pleading requirement. And that it is inappropriate to require that a complainant, a plaintiff, meet that standard at this stage. Now, if we think that the district court may be applied to stringent of standard, if we agree with you on that, isn't our review de novo? Can we go through and evaluate the complaint or hear the proposed Fourth Amendment amended complaint for futility under the plausibility standard under Iqbal Tom? I believe it is a de novo standard, Your Honor. And you have plenary power. I'll leave it at that. Well, I'm curious, if we were to do that, or if we were thinking about this de novo under a plausibility standard, I'm curious your response to your friend's arguments that so many of just the allegations in the complaint on their face are contradictory. You say it's because of FMLA leave, but you actually said it was because of conspiracy well before she took leave. How would you respond to your friend's arguments on those points? Yes. First, we would differ on the factual information that she provided. My client was placed on leave for an investigation. She has never been investigated, and to our knowledge, there was never any allegation of misconduct. That remains very recently. But doesn't she allege that that is, at least in part, because of her decision to transfer teachers to meet the needs of students, and that transferring teachers caused a lot of uproar? The allegation is that there was targeting of her for her advocacy for those who were covered by the IDEA, Section 504, etc. So, yes, part of her complaint does allege that she was targeted. Absolutely. Then how can it be retaliation for taking FMLA leave? I am not aware, and perhaps I just missed it, but I am not aware of a case that does not allow a mixed motive, Your Honor. So you would be arguing then that, yes, they were kind of already upset at her, and then this added on, but without her deciding to take FMLA leave, they wouldn't have put her on this leave under allegations of misconduct that they never investigated? We would argue that. We would also note that both times that she was placed on leave, because as I said, when I first came up, there was a short period of time where she was reinstated, and I think honored counsel also said that. Following that, again, it was a period of medical leave, and she was placed again on a paid administrative leave. So she wasn't allowed to come back from FMLA leave a second time? Correct. With respect to what's in the fourth amended complaint, is temporal proximity the only allegation that shows retaliation under the FMLA? I think that is not only temporal proximity, but also the fact that it happened twice. But that's not in the fourth amended complaint, because that happened after the fourth amended complaint, right? The second time. I would have to grab my timeline. That's okay. You've got limited time. Your orange light's already on. Anything else, Your Honor? No. Thank you very much. Thank you both for your argument, and the case will be submitted.